IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY E. PLAIN,     § | |
|     Plaintiff,     § | |
| § | |
| vs.     § | CIVIL ACTION NO. |
| § | Jury Demanded |
| MONTGOMERY COUNTY     § | |
| HOSPITAL DISTRICT     § | |
|     Defendant.     § | |

**PLAINTIFF KIMBERLY PLAIN'S ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Kimberly Plain hereinafter called Plaintiff, complaining of and about Montgomery County Hospital District, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Kimberly Plain is a citizen of the United States and the State of Texas and resides in Montgomery County, Texas.

2. Defendant Montgomery County Hospital District may be served by serving the Georgette Whatley, Chairman of the Board of Directors at 1400 South Loop West Conroe, Texas 77305.

**JURISDICTION**

3. The action arises under Title VII of the Civil Rights Act as hereinafter more fully appears.

1

## NATURE OF ACTION

4. This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended, to correct unlawful employment practices on the basis of race.

## CONDITIONS PRECEDENT

5. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

6. Plaintiff Kimberly Plain was employed by Defendant in July of 2007 until she was terminated on April 7, 2011. While defendant would argue that plaintiff was terminated for being dishonest, among other things, evidence and testimony will show that defendant's reason is a pretext and that the real reason for terminating plaintiff's employment was because she took part in a protected activity.

7. Plaintiff's ordeal at the hands of defendant started sometime in September of 2009. On that particular day, at about 7:15, p.m. plaintiff was at work. She received a text message on her telephone purportedly from her supervisor, Terri Collins. The message asked her what she was doing, the message continued with instructions on some work for her to do (clean the ambulance, finish some charts, and so forth).

8. Plaintiff, reasonably assuming that the message was being sent by her supervisor proceeded to ask if she (Terri Collins) will be coming to the station. The person sending the message then stated that plaintiff would be in trouble if they

2

came over. That was when plaintiff began to suspect that she was probably dealing with a prank call.

9. The messages got weirder as the person proceeded to ask plaintiff about her boyfriend and her sex life; how many Montgomery County Security Officers ("MCSO") she was sleeping with. Plaintiff was then asked, via text message, if she "Shaved her pussy" and how her boyfriend was in bed.

10. Plaintiff, feeling embarrassed and humiliated responded that she considered these messages sexual harassment, especially since it was being sent from her supervisor's phone, which also happened to be a government phone.

11. The next shift, plaintiff reported the text message incident to Terri Collins, her supervisor and the person from whose official telephone the messages were sent. Terri Collins told plaintiff to "[L]ighten up" and that some deputy had probably picked her phone to send the sexually harassing messages. At this point, plaintiff informed Terri Collins that she believed that it was unbecoming that her supervisor's phone was used in sending such sexually harassing messages.

12. On November 12, 2009, plaintiff proceeded to file a complaint for harassment, naming her supervisor, Terri Collins, Allen Sims and Bill Dornbros as respondents. Shortly thereafter, plaintiff began to experience retaliation and hostile work environment at the hands of Terri Collins and other coworkers.

13. After filing the complaint, plaintiff began to feel that Terri Collins was hostile towards her. Matter of fact, co-workers who chose to remain anonymous informed plaintiff over the phone that Terri Collins went about saying "When is MCHD going

to get a clue that no one likes to ride with her [plaintiff] and should just fire her."

14. The same day, plaintiff approached Terri Collins about the veracity of the statement she (Terri Collins) purportedly made. Terri Collins did not deny it. Matter of fact, she got defensive and in her response, she stated to plaintiff that she did not plan to hang out her with plaintiff after "the bullshit sexual harassment claim" she filed.

15. The next year, on January 9, 2010, plaintiff left work at about 6:45 and walked over to her car, only to find out that it had been completely covered with Oreo cookies. A co-worker, helped plaintiff removed them. Again, on January 17, 2010, plaintiff returned from a trauma call when she noticed a pink bag on her bed, with shampoo, conditioner and empty bottle of baby oil, with a black "X" mark on it with words that read: "Do not go here." Accompanied with directions and instructions on how to apply make-up.

16. On many occasions, plaintiff requested an investigation from management. Instead of the situation getting better, it only grew worse. Shortly after complaining about the trend of sexual harassment and hostile work environment, plaintiff began to experience retaliation. For instance, her evaluation reflected a dip in performance. Plaintiff contends that the low score on evaluation was a result of her superiors retaliating against for taking part in a protected activity. Ultimately, plaintiff was terminated on a pretext that she was dishonest, among other reasons.

## SEXUAL HARASSMENT

17. Defendant, Montgomery County Hospital District intentionally engaged in unlawful employment practices involving Plaintiff in that defendant condoned a pattern of sexual harassment, hostile work environment and retaliation against plaintiff.

18. Defendant, Montgomery County Hospital District discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's gender in violation of 42 U.S.C. Section 2000e (2)(a).

19. The unlawful employment practices of Defendant, Montgomery County Hospital District which had a disparate and adverse impact on Plaintiff because of her race. Such employment practices were not job-related and were not consistent with business necessity.

20. Plaintiff alleges that Defendant, Montgomery County Hospital District, discriminated against plaintiff on the basis of her race with malice or with recklessness.

## RETALIATION BY ALIEF INDEPENDENT SCHOOL DISTRICT

21. Plaintiff alleges that Defendant instituted a campaign of retaliation which included frivolous, unsubstantiated and trumped up write-ups which culminated in her termination. This retaliation was and is due to Plaintiff exercising her rights by taking part in a protected activity, to wit, reporting and complaining of the offensive text messages, among other complaints. Plaintiff suffered damages for which Plaintiff herein

sues.

## DAMAGES

22. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    b.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    c.    All reasonable and necessary costs incurred in pursuit of this suit;

    d.    Emotional pain;

    e.    Expert fees as the Court deems appropriate;

    f.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g.    Inconvenience;

    h.    Loss of enjoyment of life;

    i.    Loss of earnings in the past;

    j.    Loss of earning capacity which will, in all probability, be incurred in the future; and

    k.    Loss of benefits.

## EXEMPLARY DAMAGES

23. Plaintiff would further show that the acts and omissions of Defendant complained

of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

17. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a.    Prohibit by injunction the Defendant from engaging in unlawful employment practices;

    b.    Rehire Plaintiff; and

    c.    Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kimberly Plain, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,


By:/s/_____
John-Baptist Sekumade
Attorney-in-Charge
Texas Bar No. 24051589
Southern District Bar No:  620585
7324 Southwest Freeway
Suite 910
Houston, Texas  77074
Tel. (832) 582-7033
Fax. (832) 582-7028
Attorney for Plaintiff
Kimberly Plain

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**